UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| KENNETH MOBLEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:20-cv-00513-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DIRECTOR FARMER, et al., ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

*** *** *** ***

Kenneth Mobley, a pretrial detainee at the Fayette County Detention Center in Lexington, Kentucky, has filed a civil rights complaint with the Court pursuant to 42 U.S.C. § 1983. [R. 1.] Mobley was granted pauper status by prior order [*see* R. 9], and this matter is now before the Court for a preliminary screening.[1] *See* 28 U.S.C. §§ 1915A, 1915(e)(2). For the reasons that follow, all but one of Mobley's claims will be dismissed.

Mobley has recently filed a number of actions disputing his pretrial confinement, and his claims in this case are similar to those previously raised elsewhere in this district. *See, e.g., Mobley v. Kentucky State Police*, et al., Case No. 3:20-80-HRW (E.D. Ky. 2020) (alleging due process violations in his underlying state court cases); *Mobley v. Farmer*, Case No. 5:20-489-WOB (E.D. Ky. 2020) (challenging, via 28 U.S.C. § 2241, the constitutionality of his confinement given the COVID-19 pandemic). In the present action, Mobley's complaint appears

---

[1] Mobley has moved for a default judgment in this matter because the Defendants have not yet responded to his complaint [*see* R. 10], but the Prison Litigation Reform Act does not require a response from the defendants before the Court has conducted its preliminary screening. The motion will therefore be denied.

to run afoul of various Federal Rules of Civil Procedure.[2] The lengthy handwritten complaint is difficult to follow, which is inconsistent with the pleading standards set forth in Rule 8. *See* Fed. R. Civ. P. 8(d)(1) (requiring allegations to be "simple, concise, and direct"). Further, given the significant number of defendants and various types of claims, the complaint also appears to violate the joinder rules articulated in Rule 20(a)(2)(A).

Nevertheless, because Mobley is proceeding in this matter without an attorney, the Court evaluates his claims with leniency. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Further, at this stage of the proceedings, the Court accepts Mobley's factual allegations as true and liberally construes the legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has attempted to identify and screen those claims in the instant complaint that it is able to follow. Upon this screening, the overwhelming majority of those claims will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

First, Mobley alleges a number of due process violations in his underlying state criminal cases. Another judge in this district has already explained why, under *Younger v. Harris*, 401 U.S. 37 (1971), Mobley is presently unable to bring these challenges in a 42 U.S.C. § 1983 proceeding. *See Mobley*, Case No. 20-80-HRW, at R. 7 therein. Indeed, most if not all of the conduct about which Mobley complains should be raised as defenses in the underlying, ongoing criminal matters, not challenged in this separate civil rights proceeding. For example, if Mobley believes his right to a speedy trial is being violated, he may assert that defense in the relevant state prosecution. [*See* R. 1 at 8-9.]

---

[2] Several of Mobley's prior complaints, including the one filed in *Mobley*, Case No. 3:20-80-HRW, suffered from these same defects.

Next, Mobley's complaint attempts to set forth claims against numerous defendants who are immune from suit. For instance, Governor Andy Beshear and the Kentucky State Police are listed as defendants to Mobley's claims for money damages, but such claims against these state actors are barred by the Eleventh Amendment. *See, e.g., Kentucky v. Graham*, 473 U.S. 149, 169 (1985). Further, to the extent Mobley tries to bring claims against Judge Van Meter, "judges are generally absolutely immune from civil suits for money damages," and Mobley has not alleged either of the two very limited exceptions to this principle apply in his case. *Bright v. Gallia County, Ohio*, 753 F.3d 639, 648 (6th Cir. 2014) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)).

Mobley also names as defendants the Lexington-Fayette Urban County Government ("LFUCG"), the LFUCG Division of Corrections, Mayor Linda Gorton,[3] the City of Lexington, and the City of Nicholasville. In order to recover against a city or county, a plaintiff must demonstrate that the alleged violations of his civil rights occurred pursuant to and as a direct result of an official and unconstitutional city or county policy, practice, or custom. *See Monell v. Dept. of Social Servs.*, 437 U.S. 658, 691 (1978); *City of Oklahoma v. Tuttle*, 471 U.S. 808, 817 (1985) (noting a "city may only be held accountable if the deprivation was the result of municipal 'custom or policy'"). Although Mobley makes a variety of vague references to municipal liability in his complaint [*see, e.g.*, R. 1 at 7; R. 1-2 at 1, 11], he fails to clearly

---

[3] The Court is unable to ascertain whether Mobley wished to sue Linda Gorton, the Mayor of Lexington, in her official or individual capacity, but neither type of claim would survive screening. An official capacity suit against Mayor Gorton would be a suit against Lexington and, as explained, Mobley fails to sufficiently articulate the custom or policy required for municipal liability under *Monell*. *See Monell*, 437 U.S. at 691. The complaint also fails to properly allege a claim against Mayor Gorton in her individual capacity. Mobley cannot sue a defendant under 42 U.S.C. § 1983 merely because she is in a position of authority; instead, he must allege personal involvement in the deprivation of rights. *See, e.g., Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Mobley fails to clearly articulate such an allegation against Mayor Gorton, and his *respondeat superior*-style claims against Lisa Farmer, director of the Fayette County Detention Center, suffer the same fate. Both are, therefore, properly dismissed.

articulate the actual custom or policy he believes is responsible for the violation of his constitutional rights.

In addition to his numerous claims for money damages, Mobley also "seeks injunctive relief of dismissal of charges in both Lexington and Nicholasville, KY for due process violations" and "injunctive relief—being released immediately for home confinement or similar release." [R. 1-2 at 20.] As noted above, if Mobley believes his underlying criminal cases suffer from constitutional defects, he should challenge those defects in the pending criminal cases themselves. And Mobley's claim for immediate release to home confinement is also without merit. Mobley provides no legal justification for such a release and, moreover, another judge in this district has already found Mobley ineligible for immediate release via 28 U.S.C. § 2241, despite COVID-19. *See Mobley*, Case No. 5:20-489-WOB, at R. 22 therein.

Finally, Mobley mentions several Fayette County Detention Center correctional officers or employees throughout his complaint. It is not at all clear what these individual officers did or failed to do to cause Mobley harm, so almost all such claims will be dismissed for failure to state a claim upon which relief can be granted. However, based on the Court's review of the complaint, one claim does survive the preliminary screening. Mobley contends that Major Hall deliberately moved him to the "AA Unit" to intentionally expose him to the virus and "get [him] sick again," later suggesting he was placed in a cell with COVID-positive inmates by way of physical force. [*See* R. 1 at 10.] The Court notes there is a significant outstanding question regarding whether Mobley has properly exhausted his administrative remedies regarding this claim. [*See id.* at 11 (affirmatively stating his grievances "do not address COVID-19").] Nevertheless, out of an abundance of caution and leniency to the *pro se* plaintiff, the Court will direct the United States Marshals Service to serve Major Hall with a copy of Mobley's complaint

4

so that Hall can answer or otherwise respond to Mobley's allegations against him. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

For these reasons, the Court hereby **ORDERS** as follows:

1. Mobley's claims against Director Farmer, Judge Van Meter, the Kentucky State Police, John Doe, Major Morganson, the Fayette County Detention Center, LFUCG, the LFUCG Division of Corrections, Officer Norris, the City of Lexington, the City of Nicholasville, Mayor Gorton, and Governor Beshear are **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B);

2. The Deputy Clerk shall prepare one "Service Packet" for service upon Major Hall. This Service Packet shall include:

    a. a completed summons form;

    b. the complaint [R. 1];

    c. a copy of this Order; and

    d. a completed USM Form 285;

3. The Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky, and shall note the date of delivery in the docket;

4. The USMS shall serve Defendant Hall at the Fayette County Detention Center, through arrangement with that facility;

5. Mobley's Motion for Default Judgment [R. 10] is **DENIED**; and

6. Mobley must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

This the 25th day of January, 2021.

Gregory F. Van Tatenhove
United States District Judge

6