UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:20-CV-00513-GFVT-EBA

KENNETH MOBLEY,                                                  PLAINTIFF,

V.                       **RECOMMENDED DISPOSITION**

DIRECTOR FARMER, *et al.*,                                  DEFENDANTS.

*** *** *** ***

Kenneth Mobley, a state pretrial detainee proceeding *pro se*, filed a lawsuit under 42 U.S.C. § 1983 alleging various violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments that occurred while being held in the Fayette County Detention Center (FCDC). [R. 1]. Many of the claims in his complaint were dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [R. 11]. Mobley's claim against defendant FCDC correctional officer Major Dwight Hall survived District Court Judge Gregory F. Van Tatenhove's initial screening of the lawsuit. [R. 11 at pg. 4]. Currently, Mobley is being held in the Woodford County Detention Center in Versailles, Kentucky while he awaits trial on state criminal charges. [R. 30].

This matter comes before the Court on Mobley's several motions, including: (1) a motion for leave to amend the complaint [R. 18]; (2) a motion for a preliminary injunction to order FCDC inmates be released from being wrongfully confined in a disciplinary unit [R. 18]; (3) a motion for a preliminary injunction to order Mobley released from FCDC to home incarceration or, alternatively, another facility [R. 18]; (4) a motion for a preliminary injunction and temporary

restraining order granting him access to legal materials while being held in FCDC [R. 19, 29]; and (5) a motion for the Court to rule on [R. 29], styled as a "Motion for Summary Judgment" [R. 30]. This Court shall address Mobley's motion for leave to amend the complaint before turning to Mobley's motions for injunctive relief.

### A. Mobley's Motion for Leave to Amend the Complaint

Mobley moves the Court to add several defendants to his § 1983 lawsuit. Although the motion is timely, Mobley's motion makes nearly identical allegations against many of the same defendants named in his initial complaint. The Court recognizes that Mobley is proceeding *pro se* and therefore considers his motion under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even so, Mobley's motion to amend his complaint should be denied.

Under Fed. R. Civ. P. 15(a)(2), after a responsive pleading has been served, a party may amend its pleading only with the opposing party's written consent or with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court need not grant leave to amend where the amendment would be "futile." *Forman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005). In order to survive a 12(b)(6) motion to dismiss, the proposed amendment must only "allege facts which, if proved, would entitle the plaintiff to relief." *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Judge Van Tatenhove has already determined that claims against defendants Director Lisa Farmer, Sergeant Debord, and Major Morganson could not proceed. [R. 11]. Further, this Court

has determined that allowing Mobley's claims against additional defendants Mike Burns, Officer Atkins, Officer Boroughs, Lieutenant Elko, Lieutenant Franklin, and Officer Tillit would be futile, as the claims would be subject to dismissal due to the vague and conclusory allegations made by Mobley. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2019) ("[W]e need not accept as true any 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'").

Furthermore, defendants argue that Mobley has failed to exhaust all administrative remedies, [R. 23 at pg. 1], which provides another possible ground for dismissal. *Smith v. Federal Burreau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002) ("When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate."). To properly exhaust his administrative remedies, Mobley must complete the administrative review process in accordance with the FCDC deadlines and other procedural rules. *Jones v. Bock*, 549 U.S. 199, 217–18 (2007). Mobley has failed to demonstrate exhaustion of his administrative remedies with respect to the new claims against additional defendants. Thus, Mobley's amendment could not survive a Rule 12(b)(6) motion to dismiss, and this Court recommends that his motion for leave to amend his complaint should be denied.

### B. Mobley's Motions for Preliminary Injunctions

All of Mobley's remaining motions request injunctive relief based on conduct by FCDC officials. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20–21 (2008). However, a prisoner's request

for injunctive relief from the prison or prison officials becomes moot once the prisoner no longer resides at that prison. *Ledger v. Walters*, 230 F.3d 1358, *2 (6th Cir. 2000) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

Initially, the Court notes that Mobley's motions for preliminary injunctions are all directed at FCDC and FCDC officials. First, Mobley asks this Court to order FCDC officials to immediately release non-disciplinary detainees held in "Unit F" to a different unit. [R. 18 at pg. 1]. He also moves the Court to order Mobley be released to home incarceration or, alternatively, order Mobley transferred to another facility. [*Id.* at pg. 2]. Mobley seeks this relief based on the conclusory allegations that FCDC correctional officers retaliated against inmates by placing them in Unit F, a disciplinary holding unit Mobley calls "the hole." [*Id.* at pg. 1]. Next, Mobley moves this Court for an order allowing him to access materials he asserts are necessary to litigate his § 1983 claim, including a laptop, flash data, and printer. [R. 19]. Mobley represents that FCDC does not oppose the motion, but Defendant's response indicates the contrary. [R. 24]. Mobley reiterates the same factual basis of this motion in [R. 29], wherein he moves this Court to grant him access legal materials and a temporary restraining order preventing FCDC staff from depriving the previously requested materials from him.

In addition to not showing that Mobley will be likely to succeed on the merits with respect to any of these motions, Mobley is no longer being held in FCDC. [*See* R. 30, 31]. Thus, there is no risk of irreparable harm in the absence of injunctive relief, and the motions for preliminary injunctions [R. 18, 19, 29] should be denied as moot.

## RECOMMENDATION

Accordingly, having considered the matter, and being sufficiently advised, **IT IS RECOMMENDED** that:

1. Mobley's motion for leave to amend his complaint [R. 18] be **DENIED**.

2. Mobley's motions for preliminary injunctions [R. 18, 19, 29] be **DENIED AS MOOT**.

3. Mobley's motion for this Court to rule on a prior motion [R. 30] be **DENIED AS MOOT**.

Signed September 7, 2021.



Signed By:
*Edward B. Atkins*
United States Magistrate Judge